UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

    Plaintiff,

v.                                  CASE NO. 11-15619
                                  HONORABLE VICTORIA A. ROBERTS

THE UNITED STATES and
THE STATE OF MICHIGAN,

    Defendants.
_____/

## ORDER DISMISSING THE COMPLAINT
## AND DENYING PLAINTIFF'S MOTION FOR SERVICE
## OF THE COMPLAINT BY THE UNITED STATES MARSHAL AND
## DENYING HIS MOTION TO OVERRULE THE SCREENING REQUIREMENTS

### I. Introduction

Plaintiff Kyle Brandon Richards is a state prisoner at Bellamy Creek Correctional Facility in Ionia, Michigan. On December 22, 2011, Plaintiff filed a *pro se* civil rights complaint, and on January 6, 2012, Plaintiff filed two motions. The first motion seeks to have the United States Marshal serve the complaint and a summons on the defendants. The second motion urges the Court to ignore binding precedent and the screening requirement of 28 U.S.C. § 1915(e)(2).

The defendants are the United States of America and the State of Michigan. The complaint challenges state and federal laws that prohibit felons from possessing a firearm. Plaintiff asserts that he is being deprived of his constitutional right to own a gun, which he needs to defend himself, his family, and his property. Plaintiff also contends that felons should have access to weapons in order to defend their country

against corruption or tyranny if necessary. He seeks a repeal of all laws depriving people of their Second Amendment right to bear arms.

## II. Discussion

The Court granted Plaintiff permission to proceed without prepayment of the fees and costs for this action due to his indigence. An indigent prisoner's civil rights complaint must be dismissed if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The State of Michigan enjoys absolute immunity from suit under the Eleventh Amendment unless the State consents to be sued. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), "and Congress has not abrogated state sovereign immunity" in civil rights suits. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

Furthermore, Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens" *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). Plaintiff therefore has no right to relief from the State of Michigan.

"Absent a waiver, sovereign immunity [also] shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted).

And even though the Second Amendment grants individuals the right to keep and bear arms, *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court specifically stated in *Heller* that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 626. After *Heller*, the United States Court of Appeals for the Sixth Circuit "affirmed that prohibitions on felon possession of firearms do not violate the Second Amendment." *United States v. Carey*, 602 F.3d 738, 741 (6th Cir.) (citing *United States v. Frazier*, 314 F. App'x 801 (6th Cir. 2008)), *cert. denied*, __ U.S. __, 131 S. Ct. 322 (2010). "In short, *Heller* states that the Second Amendment right is not unlimited, and, in fact, it is specifically *limited* in the case of felon prohibitions." *Id.* (emphasis in original).

Plaintiff's contention that felons should be entitled to bear arms lacks an arguable basis under law and fails to state a claim for which relief may be granted. The Court therefore summarily **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). The Court **DENIES** as moot the motion for service of the complaint by the United States Marshal [dkt. #4].

The Court **DENIES** the motion challenging the screening requirements [dkt. #5] because "[d]istrict courts *are required* to screen all civil cases brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added). Although Plaintiff urges the Court to disregard precedential rulings, "[b]inding precedent

for the district courts within a circuit is established by the Supreme Court and by the court of appeals for the circuit in which the district court sits." *In re Ramaekers*, 33 F. Supp. 2d 312, 315 (S.D. N.Y. 1999).  The Supreme Court and the Court of Appeals for the Sixth Circuit have resolved the issues in question here.  This Court may not overlook binding precedent.

It is further ordered that an appeal from this decision would be frivolous and may not be taken *in forma pauperis*.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 12, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Kyle Richards by electronic means or U.S. Mail on January 12, 2012.

s/Carol A. Pinegar
Deputy Clerk